**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4061

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWIGHT DELL WILLIAMS, a/k/a PK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:20-cr-00254-D-1)

Submitted:  February 21, 2023                    Decided:  February 23, 2023

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Lynne Louise Reid, L. L. REID LAW, Chapel Hill, North Carolina, for Appellant.  David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Dell Williams pled guilty, pursuant to a written plea agreement, to distribution of a quantity of methamphetamine and aiding and abetting, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Williams below the advisory Sentencing Guidelines range to 144 months' imprisonment and 3 years of supervised release. On appeal, Williams' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Williams' sentence is substantively reasonable. Williams was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss the appeal pursuant to the appeal waiver in Williams' plea agreement. We affirm in part and dismiss in part.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). We review the validity of an appeal waiver de novo. *Id*. "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

2

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Williams knowingly and voluntarily waived his right to appeal his sentence, except for ineffective assistance of counsel or prosecutorial misconduct claims.  Moreover, the sentencing issue Williams raises on appeal falls squarely within the scope of the waiver.  Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver.

The waiver provisions, however, do not preclude our review of the validity of the guilty plea pursuant to *Anders*.  *See McCoy*, 895 F.3d at 364.  We therefore deny the Government's motion to dismiss in part.  Because Williams did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error.  *Id*.  Under the plain error standard, we will correct an unpreserved error "only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Walker*, 32 F.4th 377, 394-95 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 450 (2022).

Our review of the record leads us to conclude that Williams entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea.  *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).  Discerning no plain error, we conclude that Williams' guilty plea is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Williams' valid appeal waiver.  We therefore grant the Government's motion to dismiss the appeal as to all issues

within the scope of the waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4